STATE OF MAINE                          SUPERIOR COURT
WALDO, SS.                              DOCKET NO. RE-17-11


ZR MANAGEMENT, LLC          )
    Plaintiff              )
                           )        DECISION AND JUDGMENT
      v.               )
                           )
ALLAN NAWROT, et al         )
    Defendants             )


A trial on the pending Complaint and Counterclaim was held before the Court on December 21, 2018. Subsequent to the trial, the parties filed written Closing Arguments and Reply memoranda for the Court's further consideration.


## FACTUAL BACKGROUND


The plaintiff owns a parcel of real estate on Route 1 in Lincolnville, Maine. The defendants own an adjacent parcel also with frontage along Route 1 in Lincolnville. Each of the adjacent parcels owned by the parties in this case had previously been a single parcel owned by a common grantor (The First, N.A.) which conveyed the parcels to these parties.


The plaintiff owns and operates a commercial inn on its parcel along Rt. 1. The defendant's parcel, located to the west of the plaintiff's parcel along Route 1, includes a right-of-way along a gravel roadway (Ballou Drive) that continues along the western border of the defendants' parcel and which

benefits one or more parcels to the north of the defendants' parcel which are owned by various nonparties to this action (the Ballou property owners). The plaintiff has no deeded right of access to Ballou Drive.

Several hundred feet north of the intersection of Route 1 and Ballou Drive is the beginning of a pathway leading through the woods from the right-of-way across the defendants' parcel to the plaintiff's parcel ending in an area behind the plaintiff's inn. The rights and usage of this back pathway is at the center of the dispute as to all claims in the pending Complaint and Counterclaim.

The plaintiff acquired its interest in its parcel through a series of conveyances by a deed initially dated October 26, 2012 and subsequently by two additional corrective deeds dated January 24, 2013 and November 7, 2013. In none of these deeds was the plaintiff granted an express easement to generally utilize the back pathway to gain access to the back of its inn property.[1]

The defendants' parcel was acquired pursuant to a deed issued by the common grantor (The First, N.A.) on April 5, 2013. The defendants' deed, in addition to the easement described in Note 1 below, conveyed a right-of-way interest along Ballou Drive to the Ballou property owners north of the defendants' parcel, but granted no such rights to the plaintiff. In fact, a

---

[1] The Defendant's parcel is burdened by an express easement benefitting the Plaintiff's parcel which allows Plaintiff "to maintain, repair and replace that portion of [Plaintiff's] existing septic system, as the same presently exists … [t]ogether with the right to enter the premises of the [Defendant] for the purpose of making any needed maintenance, repairs or replacement of the septic system."

2

separate Road Maintenance Agreement and Confirmatory Easement was also signed on or about April 5, 2013 and recorded at the same time as the defendants acquired their deed. The plaintiff is not a signator to the Road Maintenance Agreement and Confirmatory Easement, and acquired no rights or entitlement to use the right-of-way along Ballou Drive.

At various times subsequent to both parties having acquired their respective interest in their parcels, the plaintiff, or entities providing services for the plaintiff's inn, utilized the Ballou Drive right-of-way and the back pathway across the defendants' parcel to gain access to the rear portion of the plaintiff's inn.[2] Initially, some of the plaintiff's use of the area near or along the back pathway was authorized by the defendants. After the relationship between the parties soured, the defendants unsuccessfully attempted to block the plaintiff's usage of the back pathway by erecting various obstacles, such as signage, brush and sawhorses which were removed by the plaintiff. Ultimately, the defendants placed large boulders at the entrance to the back pathway along the Ballou Drive right-of-way. Since the placement of the large boulders, the plaintiff has been unable to utilize the back pathway.

## ANALYSIS

Count 1 of the plaintiff's Complaint asks the Court to recognize the existence of an implied easement for use of the back pathway over the defendants' parcel. Count 2 of the Complaint alleges that the defendants' interference

---

[2] It is not clear what level of use of the back pathway by the Plaintiff occurred during the relatively brief 6 month timeframe between the first deed to the Plaintiff and the deed conveying the Defendant's interest.

with the plaintiff's use of the back pathway constitutes a nuisance which entitles the plaintiff to an award of damages and recovery of their attorney's fees. Finally, Count 3 claims the defendants trespassed on the plaintiff's property and, accordingly, seeks recovery of damages.

The defendants' Counterclaim seeks, in Count 1, a declaratory judgment confirming the plaintiff has no easement rights over the back pathway on the defendants' parcel. Count 2 of the Counterclaim alleges that the plaintiff's conduct in its use of the back pathway constituted a private nuisance for which the defendants are entitled to an award of damages. Finally, Count 3 alleges the plaintiff's conduct constituted statutory and common law trespass for which the defendants are entitled to an award of damages.

In none of the three deeds conveying the plaintiff's interest did the plaintiff acquire any general right to the usage of the back pathway for access to its property. The conveyance to the defendants from the original grantor also did not convey any express easement interest for the benefit of plaintiff except for the specific easement described in Note 1 above.

Given the access the plaintiff has to its parcel along Route 1, no claim of an implied easement by necessity can be successfully asserted. Plaintiff claims, nonetheless, that it is entitled to an implied easement by a prior quasi-easement. The Law Court in *Northland Realty, LLC v. Crawford, 2008 ME 92* addressed the issue of an implied easement by a prior quasi-easement. Specifically, that Court held,

> the creation of an implied easement by a prior quasi-easement
> depends on both a pre-existing use of the land and the intent of the

grantor at the time of conveyance. [Internal citation omitted]. An implied easement by a prior quasi-easement arises when:

> (1) the property when in a single ownership [was] openly used in a manner constituting a "quasi-easement," as existing conditions on the retained land that are apparent and observable and the retention of which would clearly benefit land conveyed; (2) the common grantor, who severed unity of title, . . . manifested an intent that the quasi-easement should continue as a true easement, to burden the retained land and to benefit the conveyed land; and (3) the owners of the conveyed land . . . continued to use what had been a quasi-easement as a true easement. *Id. at ¶13.*

The plaintiff in this case has failed to present sufficient evidence to demonstrate that the common grantor, The First, N. A., manifested an intent to continue a quasi-easement over the back pathway for the benefit of this plaintiff. There were ample opportunities over the course of the crafting of the initial deed and the two corrective deeds to the plaintiff for the original grantor to have manifested any such intent. Moreover, the lack of any inclusion of the plaintiff in the development of and execution of the Road Maintenance Agreement along Ballou Drive, which provides the only access to the back pathway, also demonstrates a lack of intent in conveying any quasi-easement interests to or for the benefit of the plaintiff. Accordingly, the Court finds that no such quasi-easement interest has been established with respect to the back pathway over the defendants' parcel.

5

Having concluded that no implied easement for the benefit of the plaintiff exists, the plaintiff's claims for nuisance and/or trespass as set forth in Counts 2 and 3 cannot prevail.[3] The defendants were clearly within their rights to block access to the back pathway to prevent the plaintiff's intrusion onto their land.

With respect to the defendant's Counterclaim, as noted above, this Court concludes that the plaintiff has failed to establish the existence of any implied easement by prior quasi-easement with respect to the defendants' parcel. Accordingly, as to Count 1 of the Counterclaim seeking a declaratory judgment, the Court awards judgment in favor of the defendants/counterclaim plaintiffs.

In Count 3 of the Counterclaim, the defendants/counterclaim plaintiffs assert a claim for trespass under Title 14 MRSA §7551-B. This provision addresses the conduct of the person who intentionally enters the land of another and causes damage to property. The evidence in this case suggests that the plaintiff's use of the back pathway was, to some degree, authorized by the defendants initially. Once the defendants placed the large boulders along the back pathway, the plaintiff ceased its efforts to utilize that same pathway. The defendants failed to present any evidence of actual damages. The limited actual intrusions upon the pathway after the defendants refused access to the plaintiff and before the boulders were placed constitute a

---

[3] To the extent Plaintiff's trespass claim is based upon some theory that one or the other of the defendants trespassed on the plaintiff's own parcel, the evidence presented was insufficient to support such a claim.

6

nominal intrusion which this Court concludes does not warrant an award of damages under section 7551-B.

For similar reasons, the Court concludes that the defendants/counterclaim plaintiffs have failed to establish their claim for private nuisance as set forth in Count 2 of the Counterclaim.

The Clerk is directed to incorporate this Decision and Judgment, by reference, in accordance with MRCivP 79(a) as follows:

1. as to Count 1 of the Complaint, Judgment for the defendants;

2. as to Count 2 of the Complaint, Judgment for the defendants;

3. as to Count 3 of the Complaint, Judgment for the defendants;

4. as to Count 1 of the Counterclaim, Judgment for the defendants/counterclaim plaintiffs;

5. as to Count 2 of the Counterclaim, Judgment for the plaintiff/counterclaim defendant; and

6. as to Count 3 of the Counterclaim, Judgment for the plaintiff/counterclaim defendant.

Costs are to be awarded to the defendants as the prevailing party upon the submission of a Bill of Costs filed in accordance with the Maine Rules of Civil Procedure.

Date: 5/1/19

_____
SUPERIOR COURT JUSTICE

7